IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

SHERYL ANNE POWELL,

      Plaintiff,

v.                                                                             No. CV 20-1272 CG

KILOLO KIJAKAZI,[1]
Commissioner of the
Social Security Administration,

      Defendant.

## MEMORANDUM OPINION AND ORDER

**THIS MATTER** is before the Court on Plaintiff Sheryl Anne Powell's *Motion to Reverse the Administrative Law Judge (ALJ's) Unfavorable Decision Dated April 20, 2020, or Alternatively, to Remand the Case Back to the Administrative Law Judge*, (Doc. 21), and her *Memorandum in Support of its Motion to Reverse the Administrative Law Judge (ALJ) Unfavorable Decision Dated April 20, 2020 or Alternatively to Remand the Case Back to the Administrative Law Judge*, (Doc. 22), (collectively, the "Motion"), filed July 6, 2021; Defendant Commissioner Kilolo Kijakazi's *Brief in Response to Plaintiff's Motion to Reverse and Remand the Agency's Administrative Decision* (the "Response"), (Doc. 24), filed September 13, 2021; and Ms. Powell's *Reply Brief* (the "Reply"), (Doc. 25), filed September 27, 2021.

Ms. Powell applied for supplemental security income on April 14, 2018, alleging disability beginning October 27, 2016. (Administrative Record "AR" 149). In her application, Ms. Powell claimed she was limited in her ability to work due to multiple

---

[1] Kilolo Kijakazi was appointed Acting Commissioner of the Social Security Administration on July 9, 2021.

sclerosis and sleep apnea. (AR 57). Ms. Powell's application was denied initially on September 4, 2018, (AR 64), and upon reconsideration on March 5, 2019, (AR 85). Ms. Powell requested a hearing before an Administrative Law Judge ("ALJ"), (AR 94) which was held via video on March 11, 2020, before ALJ Cole Gerstner, (AR 13-22).

At the hearing, Ms. Powell appeared by video before ALJ Gerstner with her attorney Jaime Rubin and with impartial vocational expert ("VE") Karen N. Provine. (AR 13). ALJ Gerstner issued his decision on April 20, 2020, finding Ms. Powell not disabled at any time from the date of her application through the date of ALJ Gerstner's decision. (AR 21-22). Ms. Powell then requested review of ALJ Gerstner's decision before the Appeals Council, which was denied on October 22, 2020. (AR 1-6). Ms. Powell now challenges ALJ Gerstner's April 20, 2020 decision denying her claim for supplemental security income. *See* (Doc. 21); (Doc. 22).

In her Motion, Ms. Powell argues ALJ Gerstner committed seven errors: (1) he erred in not finding Ms. Powell disabled despite the "overwhelming amount of evidence" that Ms. Powell had "four separate *severe* impairments," (Doc. 22 at 7) (emphasis in original); (2) he failed to give persuasive weight to Ms. Powell's primary treating physician; (3) he erred in determining that Ms. Powell's subjective complaints were not supported by medical evidence; (4) he erred in determining that Ms. Powell was only experiencing moderate limitations with respect to the listing criteria; (5) he failed to consider the evidence from the lay witnesses; (6) he failed to consider whether a combination of Ms. Powell's impairments could yield a determination of disability; and (7) his determination that the Commissioner met its burden of proof at step five was not supported by substantial evidence. (Doc. 22 at 7-18).

The Court has reviewed the Motion, the Response, the Reply, and the relevant law. Additionally, the Court has meticulously reviewed the administrative record. Because ALJ Gerstner did not commit reversible legal error, the Court finds Ms. Powell's Motion should be **DENIED**.

## I.     Standard of Review

The standard of review in a Social Security appeal is whether the Commissioner's final decision is supported by substantial evidence and whether the correct legal standards were applied. *Maes v. Astrue*, 522 F.3d 1093, 1096 (10th Cir. 2008) (citing *Hamilton v. Sec'y of Health & Hum. Servs.*, 961 F.2d 1495, 1497-98 (10th Cir. 1992)). If substantial evidence supports the Commissioner's findings and the correct legal standards were applied, the Commissioner's decision stands and the plaintiff is not entitled to relief. *See Langley v. Barnhart*, 373 F.3d 1116, 1118 (10th Cir. 2004); *Hamlin v. Barnhart*, 365 F.3d 1208, 1214 (10th Cir. 2004); *Doyal v. Barnhart*, 331 F.3d 758, 760 (10th Cir. 2003). The Commissioner's "failure to apply the correct legal standards, or to show . . . that she has done so, are also grounds for reversal." *Winfrey v. Chater*, 92 F.3d 1017, 1019 (10th Cir. 1996) (citing *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir. 1994)). A court should meticulously review the entire record but should neither re-weigh the evidence nor substitute its judgment for the Commissioner's. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. A court's review is limited to the Commissioner's final decision. *See* 42 U.S.C. § 405(g) (2018). Therefore, when the Appeals Council denies review, the ALJ's decision becomes the Commissioner's final decision for purposes of judicial review. *Threet v. Barnhart*, 353 F.3d 1185, 1187 (10th Cir. 2003) (citing *O'Dell v. Shalala*, 44 F.3d 855, 858 (10th Cir.

1994)).

"Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Doyal*, 331 F.3d at 760 (quoting *Fowler v. Bowen*, 876 F.2d 1451, 1453 (10th Cir.1989)) (internal quotation marks omitted). An ALJ's decision "is not based on substantial evidence if it is overwhelmed by other evidence in the record or if there is a mere scintilla of evidence supporting it." *Langley*, 373 F.3d at 1118 (quoting *Bernal v. Bowen*, 851 F.2d 297, 299 (10th Cir.1988)) (internal quotation marks omitted). While the Court may not re-weigh the evidence or try the issues *de novo*, its examination of the record must include "anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Grogan v. Barnhart*, 399 F.3d 1257, 1262 (10th Cir. 2005) (citing *Sisco v. United States Dep't of Health and Human Servs.*, 10 F.3d 739, 741 (10th Cir.1993); *Washington v. Shalala*, 37 F.3d 1437, 1439 (10th Cir.1994)). However, "[t]he possibility of drawing two inconsistent conclusions from the evidence does not prevent [the ALJ]'s findings from being supported by substantial evidence." *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Zoltanski v. F.A.A.*, 372 F.3d 1195, 1200 (10th Cir. 2004)) (quotation marks omitted).

## II.   Applicable Law and Sequential Evaluation Process

For purposes of supplemental security income, a claimant establishes a disability if they are unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. §§ 423(d)(1)(A), 42 U.S.C. 1382c(a)(3)(A); 20 C.F.R.

§ 416.905(a). In order to determine whether a claimant is disabled, the Commissioner follows a five-step sequential evaluation process. *Bowen v. Yuckert*, 482 U.S. 137, 140 (1987); 20 C.F.R. § 416.920.

At the first four steps, the claimant bears the burden of showing (1) they are not engaged in "substantial gainful activity"; (2) they have a "severe medically determinable . . . impairment . . . or a combination of impairments" that has lasted or is expected to last for at least one year; and either (3) their impairment(s) meet or equal one of the "listings" of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt. P, app. 1.; or (4) they are unable to perform their "past relevant work." 20 C.F.R. § 416.920(a)(4)(i-iv); *see also Grogan*, 399 at 1261. If the ALJ determines the claimant cannot engage in past relevant work, the ALJ will proceed to step five of the evaluation. 20 C.F.R. § 416.920(g)(1); *Grogan*, 399 F.3d at 1261. At step five, the Commissioner bears the burden of showing that the claimant is able to perform other work in the national economy, considering the claimant's residual functional capacity ("RFC"), age, education, and work experience. *Grogan*, 399 F.3d at 1261.

### III. Background

In her application, Ms. Powell claimed she was limited in her ability to work due to multiple sclerosis and sleep apnea. (AR 57). At step one, ALJ Gerstner determined Ms. Powell had not engaged in substantial gainful activity since April 14, 2018, the date of her application. (AR 15). At step two, ALJ Gerstner found Ms. Powell had the severe impairments of multiple sclerosis, epilepsy, depression and anxiety. (AR 15).

At step three, ALJ Gerstner determined Ms. Powell's impairments, solely or in combination, did not meet or equal one of the listed impairments in 20 C.F.R.

§ 416.920(d), 416.925, and 416.926. (AR 15). ALJ Gerstner then found Ms. Powell had the RFC to perform light work with the following limitations:

> [T]he claimant can climb ramps and stairs occasionally, never climb ladders, ropes, or scaffolds, balance occasionally, stoop occasionally, kneel occasionally, crouch occasionally and crawl occasionally. The Claimant can never work at unprotected heights, never moving mechanical parts. Mentally, she is able to perform simple, routine tasks; is able to perform simple work-related decisions; is able to interact with supervisors and coworkers on an occasional basis but never with the public; and, is able to make simple work-related decisions.

(AR 17).

In formulating Ms. Powell's RFC, ALJ Gerstner stated he considered her symptoms and the extent to which those symptoms could reasonably be accepted as consistent with objective medical and other evidence, as required by 20 C.F.R. § 416.929, and Social Security Ruling ("SSR") 16-3p. (AR 17). ALJ Gerstner stated he also considered opinion evidence, consistent with the requirements of 20 C.F.R. § 416.920c.[2] (AR 17). He concluded that while some of Ms. Powell's impairments could be expected to cause her alleged symptoms, the intensity, persistence, and limiting effects Ms. Powell described were not entirely consistent with the evidence in the record. (AR 18).

In evaluating the opinion evidence, as well as the prior administrative medical findings, ALJ Gerstner stated that he "cannot defer or give any specific evidentiary weight, including controlling weight, to any prior administrative medical finding(s) or

---

[2] The agency issued new regulations regarding the evaluation of medical source opinions for claims filed on or after March 27, 2017. *See* "Revisions to Rules Regarding the Evaluation of Medical Evidence," 82 Fed. Reg. 5844-01, 2017 WL 168819 (Jan. 18, 2017); *compare* 20 C.F.R. § 404.1527 ("Evaluating opinion evidence for claims filed before March 27, 2017"), *with* 20 C.F.R. § 404.1520c ("How we consider and articulate medical opinions and prior administrative medical findings for claims filed on or after March 27, 2017"). Because Ms. Powell filed her claim on April 14, 2018, the new regulations apply to this matter.

medical opinion(s), including those from medical sources." (AR 20). ALJ Gerstner found unpersuasive the opinions of Yondell Moore, MD, and Chris Carey, MD, limiting Ms. Powell to avoiding "even moderate exposure to workplace hazards," as they were "not consistent with the overall evidence." (AR 20). ALJ Gerstner also found unpersuasive the opinion of William H. Farrell, PhD, that Ms. Powell has no medically determinable mental impairment, for the same reason. (AR 20). ALJ Gerstner did not accord a particular weight to the lay testimony, but noted that Ms. Powell's allegations, as well as the lay testimony, are "inconsistent with the records that show [Ms. Powell's] multiple sclerosis is well[-]controlled with intermittent, quickly resolving flare-ups." (AR 20).

At step four, ALJ Gerstner found Ms. Powell has no past relevant work. (AR 20). ALJ Gerstner proceeded to step five, finding Ms. Powell to be a "younger individual" who has at least a high school education, who can communicate in English. (AR 20). ALJ Gerstner found, given VE Provine's testimony and Ms. Powell's age, education, work experience, and assessed RFC, that Ms. Powell could perform work as a marker, router, or routing clerk. (AR 25). After finding Ms. Powell able to perform work existing in significant numbers in the national economy, ALJ Gerstner concluded she was "not disabled" as defined by 20 C.F.R. § 416.920(g). (AR 21).

**IV.   Analysis**

In her Motion, Ms. Powell presents seven arguments. *See* (Doc. 22 at 7-18). First, she contends ALJ Gerstner erred in not finding her disabled despite the "overwhelming amount of evidence" that she had "four separate *severe* impairments." *Id.* at 7 (emphasis in original). The Commissioner acknowledges that ALJ Gerstner found Ms. Powell suffers from four separate severe impairments, but explains that the

presence of a severe impairment is merely a "threshold determination used to quickly screen and dispose of groundless disability claims." (Doc. 24 at 10). The Commissioner claims that this is thus not a ground for Ms. Powell to be found disabled. *Id.* at 11.

Second, Ms. Powell argues that ALJ Gerstner erred by failing to give persuasive weight to the opinion of her primary treating physician. (Doc. 22 at 7). The Commissioner contends that not only does Ms. Powell's argument rely on inapplicable regulations concerning medical opinion evidence, but that her treating physician did not even issue an opinion relating to her functioning, and there was thus no medical opinion for ALJ Gerstner to consider. (Doc. 24 at 19).

Third, Ms. Powell argues that ALJ Gerstner erred because there was not substantial evidence for his determination that her subjective complaints were not supported by medical evidence. (Doc. 22 at 13). The Commissioner maintains, however, that ALJ Gerstner reasonably discounted Ms. Powell's subjective complaints, citing his "thorough symptom evaluation." (Doc. 24 at 16).

Fourth, Ms. Powell argues that ALJ Gerstner erred because his determination that Ms. Powell only experiences moderate limitations with respect to the listing criteria is not supported by substantial evidence. (Doc. 22 at 14). Ms. Powell contends that she experiences marked limitations on her ability to understand, remember or apply information, and her ability to concentrate, persist or maintain pace. *Id.* at 15. The Commissioner maintains, meanwhile, that ALJ Gerstner reasonably determined that her impairments did not meet or equal a listing, noting that it is Ms. Powell's burden to establish that her impairments meet or medically equal a listing and she "offers no explanation about how she met the paragraph A criteria for Listing 12.04" nor does she

provide findings that support the requisite criteria. (Doc. 24 at 11).

Fifth, Ms. Powell claims ALJ Gerstner erred by not considering the evidence from the lay witnesses. (Doc. 22 at 16). The Commissioner argues that ALJ Gerstner was not required to make specific written findings as to the weight he provided to each lay witness, as he explicitly considered them and noted that they all reflected Ms. Powell's own allegations. (Doc. 24 at 18-19).

Sixth, Ms. Powell maintains that ALJ Gerstner erred in failing to consider whether a combination of Ms. Powell's impairments could yield a determination of disability. (Doc. 22 at 17). The Commissioner argues that Ms. Powell did not point to evidence demonstrating that an exacerbation of her multiple sclerosis would also cause an exacerbation of her mental impairments, and that in any event, ALJ Gerstner did consider the combination of her impairments in his analysis. (Doc. 24 at 15).

Seventh, Ms. Powell contends that ALJ Gerstner's determination that the Commissioner met her burden of proof at step five is not supported by substantial evidence. (Doc. 22 at 17-18). Specifically, Ms. Powell explains that ALJ Gerstner failed to account for her frequent hand numbness in his finding regarding jobs she could perform in the national economy. *Id.* The Commissioner argues, however, that ALJ Gerstner was not required to include manipulative limitations in his hypothetical questions to VE Provine, as he found such limitations were not supported by the medical record. (Doc. 24 at 23).

### A. The Accumulation of Impairments

Ms. Powell argues that ALJ Gerstner erred in not finding her disabled despite the evidence that she had "four separate *severe* impairments." (Doc. 22 at 7) (emphasis in

9

original). Ms. Powell contends that because a finding of only one severe impairment is sufficient to move beyond step two of the five-step sequential process, and here ALJ Gerstner found that Ms. Powell has four severe impairments and "gave voluminous specifics" in support of his finding, ALJ Gerstner therefore "had an overwhelming amount of evidence to support a determination that [Ms. Powell] was disabled." *Id.*

This argument misapprehends the Commissioner's sequential evaluation process. The determination of disability is a five-step process, in which Ms. Powell bore the burden of showing that she was not engaged in substantial gainful activity, that she had a severe medically determinable impairment or combination of impairments that has lasted or is expected to last for at least one year, and that either her impairments met or equaled a listing, or that she was unable to perform her past relevant work. 20 C.F.R. § 416.920(a)(4)(i-iv); *see also Grogan*, 399 at 1261. Only then, once ALJ Gerstner proceeded to the step five determination of Ms. Powell's ability to perform other work in the national economy, did the burden shift to the Commissioner. *Grogan*, 399 F.3d at 1261. ALJ Gerstner's finding of multiple severe impairments was thus merely a threshold determination which was required in order to proceed to the other steps. 20 C.F.R. §§ 416.920(a)(4)(ii), 416.945(a)(2).

The Court therefore finds ALJ Gerstner's decision to find Ms. Powell not disabled, despite his finding that she suffers from multiple severe impairments, is not error. SSR 86-8 ("The mere accumulation of a number of impairments will not establish medical equivalency.").

### B.  The Weight Afforded to Ms. Powell's Treating Physician

Ms. Powell argues that ALJ Gerstner erred by failing to give persuasive weight to

the opinion of her treating physician, neurologist Javed Iqbal, MD. (Doc. 22 at 7). Ms. Powell details the medical records from her time at Mesilla Valley Neurology, where she saw Dr. Iqbal, at length, including the results of diagnostic studies and a description of her conditions. *Id.* at 11-12. In particular, she argues that ALJ Gerstner improperly failed to give persuasive weight to Dr. Iqbal's opinion regarding weakness. *Id.* at 13.

This argument incorrectly applies the "treating physician rule." As explained above, the Social Security Agency issued new regulations regarding the evaluation of medical source opinions, which applies to claims filed on or after March 27, 2017. *See supra* n.2; *see also* 20 C.F.R. § 416.920c(a). As such, this new regulation applies to Ms. Powell's claim, which she filed on April 14, 2018.

Under the new regulations, ALJ Gerstner was not required to "defer or give any specific evidentiary weight, including controlling weight, to any medical opinion(s) or prior administrative medical finding(s), including those from [the claimant's own] medical sources." *Id.* Moreover, Dr. Iqbal did not issue any opinion related to Ms. Powell's residual functional ability, and thus under the new regulations, there is no opinion for ALJ Gerstner to have considered. 20 C.F.R. § 416.913(a)(2) ("A medical opinion is a statement from a medical source about what you can still do despite your impairment(s) . . . "). The Court therefore finds ALJ Gerstner did not err in his consideration of evidence involving Dr. Iqbal.

### C. Ms. Powell's Subjective Complaints

Ms. Powell contends that ALJ Gerstner erred in finding that Ms. Powell's subjective complaints were not supported by medical evidence, and in challenging her credibility. (Doc. 22 at 13). Ms. Powell argues that ALJ Gerstner "provided no specific

reasons" and "no supporting evidence" for finding her not credible. *Id.* at 13-14. Ms. Powell further argues that ALJ Gerstner "did not emphasize" the 2016 and 2017 diagnostic studies which allegedly corroborate her subjective complaints, but instead relied upon the 2018 MRI which did not show any worsening of lesions. *Id.* at 14.

Contrary to Ms. Powell's argument, ALJ Gerstner did, in fact, discuss the medical evidence. After noting that Ms. Powell's statements concerning the intensity, persistence and limiting effects of her symptoms are "not entirely consistent with the medical evidence and other evidence in the record," ALJ Gerstner discussed that medical evidence for two pages, including a detailed discussion of the medical evidence which undermined Ms. Powell's testimony. (AR 18-20). He specifically discussed the 2016 and 2017 diagnostic studies, stating of the 2016 study that "[a]n MRI taken of the brain showed demyelinating lesions consistent with multiple sclerosis," and of the 2017 study that "[a]n MRI taken on July 13, 2017 showed enhancing lesions worsening" compared to the 2016 study. (AR 18).

ALJ Gerstner also noted that the MRI taken on June 18, 2018 "showed no worsening of the lesions compared to the previous study," but did not solely rely upon this result, instead continuing his analysis to discuss other medical evidence. (AR 18-19). For example, he discussed her alleged use of a walker, stating that at her July 18, 2017 visit, she reported needing no assistive device for ambulation. (AR 19). He also noted that while at her 2016 visits with Dr. Iqbal she had a spastic gait, at her later visits with Dr. Iqbal she had a normal gait. (AR 19). He indicated that Dr. Iqbal's records show Ms. Powell's multiple sclerosis is "well[-]controlled with intermittent, quickly[-]resolving flare-ups," with a stable condition according to the June 2018 MRI. (AR 19). He

12

mentioned that Ms. Powell reported in 2019 that her anxiety was well-managed on medication, and that "she had no functional problems." (AR 19).

ALJ Gerstner thus properly considered the consistency or compatibility of Ms. Powell's non-medical testimony with objective medical evidence in assessing her credibility. *See Huston v. Bowen*, 838 F.2d 1125, 1132 (10th Cir.1988) (stating ALJ may consider "the consistency or compatibility of non-medical testimony with objective medical evidence" in assessing credibility of testimony regarding pain); *Walters v. Colvin*, 604 F. App'x 643, 646 (10th Cir. 2015) (finding ALJ's credibility findings "closely and affirmatively linked to substantial evidence" where ALJ considered consistency of non-medical testimony with objective medical evidence). For these reasons, the Court finds that there was substantial evidence for ALJ Gerstner's determination that Ms. Powell's subjective complaints were not supported by medical evidence.

### D. The Listing Criteria

Ms. Powell contends that ALJ Gerstner erred in determining that she experiences only *moderate* limitations with respect to the criteria for listing 11.09 (multiple sclerosis) and listing 12.04 (depressive, bipolar and related disorders), as opposed to *marked* limitations. (Doc. 22 at 14). Specifically, Ms. Powell argues that she experiences marked limitations on her ability to understand, remember or apply information, and her ability to concentrate, persist or maintain pace. *Id.* at 15. She also maintains that because ALJ Gerstner made no mention of paragraph A criteria for listing 12.04, he implicitly accepted that Ms. Powell meets these criteria. *Id.* at 14.

It was Ms. Powell's burden to establish that her impairments meet or medically equal a listing of presumptively disabling impairments found in 20 C.F.R. pt. 404, subpt.

P, app. 1. *See Bowen*, 482 U.S. at 144. Ms. Powell's assertion that ALJ Gerstner implicitly found that she met the paragraph A criteria for listing 12.04, without support, is insufficient. *See Covert v. Colvin*, 1:12-cv-1221 CG, 2013 WL 12328854, at *15 (D.N.M. Nov. 15, 2013) (finding argument waived where claimant provided no reasoning for his conclusion, pointed to no evidence in the record, and left Court to infer his argument for him).

In deciding that Ms. Powell experiences only moderate limitations on her ability to concentrate, persist, or maintain pace, ALJ Gerstner considered both Ms. Powell's testimony and the medical record. (AR 16). He did the same when evaluating her ability to understand, remember or apply information. (AR 16). He discussed the medical evidence at length when determining her mental RFC, showing that he properly considered the evidence with regards to the listings Ms. Powell cites. (AR 10-11); *Fischer-Ross v. Barnhart*, 431 F.3d 729, 733 (10th Cir. 2005) ("an ALJ's findings at other steps of the sequential process may provide a proper basis for upholding a step three conclusion that a claimant's impairments do not meet or equal any listed impairment."). For example, ALJ Gerstner noted that the records show Ms. Powell's anxiety responded to medication, and that her mental health conditions resulted in no functional problems. (AR 16); *see* (AR 512).

Similarly, it was Ms. Powell's burden to show she met the part of listing 11.09(B), which requires a marked limitation in *physical* functioning related to her multiple sclerosis. *Bowen*, 482 U.S. at 144. Ms. Powell does not even allege that she has such a limitation, instead incorrectly asserting that paragraph B criteria are virtually identical for both listings. *See* (Doc. 22 at 13-16). In any event, the Court may not re-weigh the

evidence or substitute its judgment for that of ALJ Gerstner. *See Langley*, 373 F.3d at 1118; *Hamlin*, 365 F.3d at 1214. The Court thus finds that ALJ Gerstner did not err in his consideration of the listing criteria.

### E.  The Lay Testimony

Next, Ms. Powell claims ALJ Gerstner erred by "summarily dismissing" the opinions of the lay witnesses as inconsistent with the medical evidence. (Doc. 22 at 16). She argues that the lay opinions are consistent with the 2016 and 2017 MRI results, "the necessitated treatment by Dr. Iqbal," Ms. Powell's testimony, and the nature of her disease. *Id.* at 16-17.

The lay witness opinions include letters from Ms. Powell's mother Sarah Powell, her sister April Powell, her friend Kim Sykes, and her friend Jessica Simpson. (AR 269-272). The one-paragraph letter from Kim Sykes states, in pertinent part, that Ms. Powell "has difficulty writing, she drops items frequently, she has difficulty with her balance and walking at times." (AR 269). April Powell, similarly, mentions only that she assists Ms. Powell "with everyday tasks [regularly] and I worry for her safety when she is home alone." (AR 270). Sarah Powell's one-page letter is more detailed, discussing how Ms. Powell experiences drop foot, problems with her balance, and problems with her hands including her ability to grip and hold objects and to write. (AR 271). Sarah Powell also mentions Ms. Powell's seizure precautions including her decision not to drive. (AR 271). Finally, Jessica Simpson states that Ms. Powell struggles with her mobility and other daily tasks. (AR 272). Ms. Powell herself also testified to having trouble walking and balancing, hand numbness, and seizure precautions including not driving. (AR 17-18).

Despite Ms. Powell's argument, ALJ Gerstner did explicitly consider the lay

witness opinions, noting that they all reflected Ms. Powell's own allegations, and similar to her allegations, are "inconsistent with the records that show [Ms. Powell's] multiple sclerosis is well[-]controlled with intermittent, quickly[-]resolving flare-ups." (AR 20).

Moreover, ALJ Gerstner was not required to explicitly consider the lay witness statements, because (1) they were largely cumulative of Ms. Powell's complaints, and (2) the same evidence ALJ Gerstner discussed in discrediting Ms. Powell's claims also discredited the lay witnesses' claims. *See Best-Willie v. Colvin*, 514 F. App'x 728, 736 (10th Cir. 2013). The Court thus finds that ALJ Gerstner did not err in his consideration of the opinions of the lay witnesses.

### F. The Combination of Impairments

Ms. Powell also argues that ALJ Gerstner erred in failing to consider whether a combination of her impairments could yield a determination of disability. (Doc. 22 at 17). She claims that because the requirements of listing 12.04(b) are "identical" to the requirements of listing 11.09(b), an exacerbation of her MS would cause an exacerbation of her mental impairments. *Id.*

First, the requirements of listing 12.04(b) are *not* identical to the requirements of listing 11.09(b), the latter of which specifically requires a marked limitation in physical functioning. Moreover, Ms. Powell provides no citation to the record in support of this contention. *Id.* In any event, Ms. Powell provides no explanation as to why the Court should disregard ALJ Gerstner's assertion that he considered Ms. Powell's impairments "singly and in combination" when considering whether they met or equaled a listing, (AR 16), or that he considered "all symptoms" when determining her RFC, (AR 17). The Court finds that this argument is therefore waived. *See Covert*, 2013 WL 12328854, at

*15 (D.N.M. Nov. 15, 2013) (finding argument waived where claimant provided no reasoning for his conclusion, pointed to no evidence in the record, and left Court to infer his argument for him).

### G.  Step Five

Finally, Ms. Powell contends that ALJ Gerstner failed to account for her frequent hand numbness in his finding regarding potential jobs she could perform in the national economy. (Doc. 22 at 17-18). Ms. Powell argues that because she testified to hand numbness, as well as problems with writing and gripping objects, the jobs suggested by VE Provine should have been eliminated from consideration, as they would all require her to make frequent use of her hands. *Id.* at 18.

ALJ Gerstner was not required, however, to incorporate a manipulative limitation in his hypothetical questions to VE Provine, as he found this limitation was not supported by the medical record and did not include it either among the list of severe impairments or his RFC assessment. (AR 15, 17); *see Qualls v. Apfel*, 206 F.3d 1368, 1373 (10th Cir. 2000) (finding no error where the ALJ included all the limitations from the RFC in his hypothetical to the VE). The Court thus finds that ALJ Gerstner did not err with respect to his step five analysis.

### V.  Conclusion

For the previously stated reasons, the Court finds that ALJ Gerstner did not commit the errors alleged by Ms. Powell. In addition, the Court finds that substantial evidence supports ALJ Gerstner's determinations challenged by Ms. Powell.

**IT IS THEREFORE ORDERED** that Ms. Powell's *Motion to Reverse the Administrative Law Judge (ALJ's) Unfavorable Decision Dated April 20, 2020, or*

*Alternatively, to Remand the Case Back to the Administrative Law Judge,* (Doc. 21), is **DENIED** and this case is **DISMISSED WITH PREJUDICE.**

   **IT IS SO ORDERED**.

_____
THE HONORABLE CARMEN E. GARZA
CHIEF UNITED STATES MAGISTRATE JUDGE